LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER GRANTING MOTION TO DISMISS [14] AND GRANTING MOTION TO STRIKE CLASS ALLEGATIONS [13]

Pending before the Court are two motions by Defendant Arch Specialty Insurance Co. ("Arch"): (1) a motion to dismiss Plaintiff American Western Door & Trim's ("AWDT") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 14); and (2) a motion to strike class allegations pursuant to Rules 12(f), 23(c), and 23(d), (Dkt. No. 13). After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Defendant's motions are **GRANTED**.

### I.   BACKGROUND

#### A. Factual Background

Plaintiff AWDT is a California corporation conducting business in the construction industry that has purchased five insurance policies from Defendant Arch. (Compl. ¶¶ 1, 6, 20–24.) These insurance policies have provided Plaintiff commercial general liability insurance coverage from August 3, 2003 to August 3, 2008. (Compl. ¶¶ 20–24.) These insurance policies require Defendant to pay all reasonable and necessary fees and costs of defense incurred by Plaintiff in defense of third-party claims. (Compl. ¶¶ 15–16.) Plaintiff alleges, however, that, "[i]n practice, [Defendant] does not hire counsel for its insured to discharge its duty to defend, but instead has claims adjusters negotiate settlements, and essentially provides no defense to its insured." (Compl. ¶ 16.) Plaintiff

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

further alleges that Defendant maintains a policy and practice of not reimbursing Plaintiff for any fees and costs incurred in defending against third-party claims, in violation of the parties' insurance policy. (Compl. ¶ 17.) Finally, Plaintiff alleges that Defendant consistently overpays for claims—sometimes settling for up to ten times the amount paid in comparable cases—without conducting reasonable investigation and without engaging counsel, in an attempt to exhaust Plaintiff's insurance policy prematurely. (Compl. ¶¶ 18–19.) According to Plaintiff, this practice "is designed to terminate the duty to defend, because monies spent by Arch defending its insureds do not reduce policy limits Arch must pay to indemnify its insureds." (Compl. ¶ 19.)

Plaintiff has tendered its defense to Defendant in ten litigated actions. (Compl. ¶ 25.) According to Plaintiff, however, Defendant has never reimbursed Plaintiff for any fees and costs to defend itself in these actions, despite multiple requests to do so. (Compl. ¶ 26.) In seven of these actions, Defendant decided not to retain counsel to defend Plaintiff, electing instead to communicate directly with opposing counsel to settle the claims without a formal appearance by Plaintiff. (Compl. ¶ 27.) Yet Defendant then refused to pay Plaintiff any post-tender defense fees and costs that Plaintiff had incurred up until the point Defendant settled those matters with opposing counsel. (Compl. ¶ 27.)

Plaintiff argues that its experience is typical of other builders and contractors or subcontractors who have purchased insurance policies from Defendant to be indemnified from third-party claims of construction defects or similar claims of liability. (Compl. ¶¶ 1, 30.) Consequently, Plaintiff seeks to represent a putative class defined as "[a]ll Arch insureds, currently and previously within the applicable statute of limitations, who have tendered a liability claim under their policy to Arch and Arch subsequently settled the insured's claim without assigning counsel to the claim." (Compl. ¶¶ 3, 30.) Plaintiff alleges three causes of action on behalf of this putative class, including: (1) breach of contract, (Compl. ¶¶ 39–44); (2) insurance bad faith, (Compl. ¶¶ 45–58); and (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, (Compl. ¶¶ 59–63).

### B. Procedural History

Plaintiff filed this putative class action on December 8, 2014 in the Superior Court of California, County of Riverside. (Dkt. No. 1-1.) On January 23, 2015, Defendant

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 3 of 15 Page ID #:336

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1.) Defendant then filed the instant motions to strike the class allegations and to dismiss Plaintiff's Complaint on February 13, 2015. (Dkt. Nos. 13, 14.) Plaintiff opposed these motions on February 27, 2015, (Dkt. Nos. 15, 16), and Defendant replied on March 9, 2015, (Dkt. Nos. 17, 18).

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### B. Motion to Strike Class Allegations

The Court may "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Rule 12(f) also grants courts the authority to strike class allegations that "cannot possibly move forward on a classwide basis." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013). Nevertheless, "[c]ourts have long disfavored Rule 12(f) motions, granting them only

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 4 of 15 Page ID #:337

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

when necessary to discourage parties from making completely tendentious or spurious allegations." *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004).

## III. DISCUSSION

Defendant moves both to dismiss Plaintiff's claims under Rule 12(b)(6) and to strike Plaintiff's class allegations. The Court will first address Defendant's motion to dismiss before turning to Defendant's motion to strike Plaintiff's class allegations.

### A. Motion to Dismiss for Failure to State a Claim

Defendant argues that the Court should dismiss each of Plaintiff's three claims. For the following reasons, the Court finds that Plaintiff has failed to state a claim as to each of its three causes of action.

#### 1. Claims One and Two: Breach of Contract and Insurance Bad Faith

To begin, Plaintiff's first and second causes of action allege breach of contract and bad faith, respectively. To satisfy either of these claims, Plaintiff must demonstrate, in short, that Defendant's practices with respect to its insureds are wrongful under the law governing insurance policies. Both parties agree that California insurance law applies.[1]

##### a. Defendant May Settle Claims Without Plaintiff's Consent

The crux of Plaintiff's breach of contract claim is that Defendant's practice of settling claims without Plaintiff's consent and without retaining counsel (and allegedly without conducting sufficient investigation into the claims) violates Defendant's contractual duty to defend Plaintiff in these disputes. Yet Plaintiff does not allege that Defendant actually denied coverage; to the contrary, Plaintiff appears to concede that

---

[1] "State law governs the interpretation of insurance policies." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc.*, 346 F.3d 1160, 1164 (8th Cir. 2003); *accord Bell Lavalin, Inc. v. Simcoe & Erie Gen. Ins. Co.*, 61 F.3d 742, 745 (9th Cir. 1995) ("state law governs the interpretation of the insurance policy"); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1053 (C.D. Cal. 2011) ("In a diversity action, the forum state's law governs the interpretation of the insurance policy.").

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 5 of 15 Page ID #:338

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

Defendant settled all of its claims. (*See* Compl. ¶¶ 27–28.) As a result, this is not the typical case in which an insured is claiming breach of the duty to defend because the insurer denied coverage. *Cf. Isaacson v. Cal. Ins. Guar. Ass'n*, 44 Cal. 3d 775, 791 (Cal. 1988) ("An insurance company bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy. Wrongful failure to provide coverage or defend a claim is a breach of contract." (internal quotation marks and citations omitted)).

Defendant also correctly argues that it was within its rights to settle claims without Plaintiff's consent. Plaintiff's insurance policies make this clear by stating that Defendant "may *at [its] discretion* investigate any occurrence *and settle any claim* or suit that may result." (Mot. Ex. A at 5 (emphasis added).)[2] Moreover, California caselaw upholds the legality of such provisions. *See, e.g.*, *Hurvitz v. St. Paul Fire & Marine Ins. Co.*, 109 Cal. App. 4th 918, 931 (Cal. Ct. App. 2003) (rejecting plaintiffs' argument that the insurer "did not have an unfettered right to settle claims without their consent" despite similar language in their contract); *see also Fire Ins. Exch. v. Brambilla*, No. B195063, 2008 WL 192856, at *8 (Cal. Ct. App. Jan. 24, 2008) (unpublished) ("Where the insurance policy grants the insurer authority to defend any claim for covered damages and the right to settle any claim within policy limits, the insurer need not obtain the insured's consent before settling within policy limits.").[3]

In fact, this authority makes clear that insurers properly incorporate the cost of defending claims in calculating their settlement offers, which may cause the settlement amounts to be higher than the insured's liability. *See, e.g.*, *Hurvitz*, 109 Cal. App. 4th at 931 ("A party purchasing a liability insurance policy containing the duty to defend language at issue here agrees to accept the insurer's view concerning the point at which

---

[2] Because Plaintiff refers to these policies throughout the Complaint, the Court may take judicial notice of their contents. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint . . . but which are not physically attached to the pleading[] may be considered in ruling on a Rule 12(b)(6) motion to dismiss."); *see also Bilstein Corp. of Am. v. Fed. Ins. Co.*, 168 F.3d 497 (9th Cir. 1999) (approving of district court's decision to take judicial notice of federal insurance policy referenced in complaint).

[3] *See Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value.").

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00153 BRO (SPx)** | Date | March 18, 2015 |
|---|---|---|---|
| Title | **AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL.** | | |

the benefits of settlement exceed the risk of continuing litigation."). Although Plaintiff argues that Defendant has violated its contractual duty to defend by settling for higher amounts than necessary, (Opp'n at 2–4), Plaintiff fails to explain how the *amount* of the settlement has any impact on whether Defendant satisfied its contractual duty to defend Plaintiff. And Plaintiff's reliance on cases such as *Everett Associates, Inc. v. Transcontinental Insurance Co.*, 159 F. Supp. 2d 1196, 1204 (N.D. Cal. 2001), is misplaced. In *Everett Associates*, the court found that negligent investigation of a claim can constitute a breach of the duty to defend where the insurer "refuses to defend a claim that *may* fall within policy coverage." *Id.* Here, Plaintiff has not alleged that Defendant has refused to defend a claim by pretending that it did not fall within the policy coverage; rather, Plaintiff has alleged only that Defendant paid too much in settling claims against Plaintiff, thus depleting Plaintiff's deductible. Even if true, that would not demonstrate that Defendant has *failed to defend* Plaintiff in its claims. Accordingly, Plaintiff has failed to state a claim for breach of the insurance policy.

### b. Defendant Cannot Be Liable for Exhausting Plaintiff's Premium by Settling Claims Within the Policy Limit

Plaintiff also argues that Defendant has violated its duty of good faith and fair dealing by intentionally exhausting Plaintiff's policy limits. (Opp'n at 4–6.) But this argument has been rejected by courts in California. As one court explained, "[u]nder a policy provision giving an insurance company discretion to settle as it sees fit, the insurer is 'entitled to control settlement negotiations without interference from the insured,' and generally, it has no liability to the insured for settling within the policy limits. Thus, *there is no cause of action where the insured claims . . . the settlement unfairly used up its deductibles*." *New Plumbing Contractors, Inc. v. Edwards, Sooy & Byron*, 99 Cal. App. 4th 799, 802 (Cal. Ct. App. 2002) (emphasis added) (quoting *W. Polymer Tech., Inc. v. Reliance Ins. Co.*, 32 Cal. App. 4th 14, 24 (Cal. Ct. App. 1995)); *accord Good v. State Farm Mut. Auto. Ins. Co.*, 300 F. App'x 581, 583 (9th Cir. 2008) ("In any event, a settlement's impact on the future insurability of the insured does not create a cause of action for bad faith."); *Hurvitz*, 109 Cal. App. 4th at 933 (rejecting the plaintiffs' claim that an "insurer must at least consider the potential impact on the insured's future premiums when it settles a third party lawsuit"); *see also Wham-O, Inc. v. Manley Toys, Ltd.*, No. CV 08-1281 RSWL(CWX), 2010 WL 2612680, at *1 (C.D. Cal. June 25, 2010)

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 7 of 15 Page ID #:340

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00153 BRO (SPx)** | Date | March 18, 2015 |
|---|---|---|---|
| Title | **AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL.** | | |

("Plaintiff's insurer is entitled to settle with Defendant under the terms of Plaintiff's policy, pursuant to California insurance law."); *W. Polymer Tech.*, 32 Cal. App. 4th at 27 ("At least where the policy does not require the insured's consent to a settlement, there appears to be no precedent for holding an insurer liable for injury to an insured's reputation as a result of the settlement of a third party claim.").

Moreover, to the extent that Plaintiff is arguing that Defendant violated the duty of good faith and fair dealing by failing to investigate properly, this claim is similarly flawed. "California courts have concluded that unreasonable investigation is actionable under bad faith only when the insurance company denies or limits a claim after an unreasonable investigation." *Good*, 300 F. App'x at 583; *accord Gourley v. State Farm Mut. Auto. Ins. Co.*, 53 Cal. 3d 121, 127 (Cal. 1991) ("The substance of a bad faith action in these first party matters is the insurer's unreasonable refusal to pay benefits under the policy."). Consequently, where, as here, Plaintiff does not allege that Defendant either denied coverage or limited Plaintiff's claims, Plaintiff cannot assert a claim for bad faith. Plaintiff has therefore failed to state a claim for insurance bad faith as well.

### c. Defendant Is Not Liable for Defense Expenses Voluntarily Incurred by Plaintiff

Plaintiff also argues that Defendant should be liable for "post-tender defense fees and costs incurred by [Plaintiff] up to the point of [Defendant]'s direct communication with opposing counsel." (Compl. ¶ 27; *accord* Compl. ¶ 42.) The terms of the policy, however, dictate that Defendant "shall not be liable for any cost, payment, expense (including legal expense) or obligation assumed or incurred by an insured or anyone for or on behalf of an insured, without [Defendant's] express consent." (Mot. Ex. A at 17.) Plaintiff does not allege that Defendant consented to reimbursing Plaintiff for defense costs Plaintiff incurred after tendering its defense to Defendant. As a result, Plaintiff is seeking reimbursement for voluntary payments incurred by Plaintiff, which is the very type of payment for which this provision in the policy disclaims liability.

As Defendant argues, "[t]he general validity of no-voluntary-payment provisions in liability insurance policies is well established." *Insua v. Scottsdale Ins. Co.*, 104 Cal. App. 4th 737, 742 (Cal. Ct. App. 2002). The California Supreme Court has upheld these provisions, noting their purpose "to prevent collusion as well as to invest the insurer with

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 8 of 15 Page ID #:341

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

the complete control and direction of the defense or compromise of suits or claims." *Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.*, 3 Cal. 3d 434, 449 (Cal. 1970) (quoting 44 Am. Jur. 2d, Insurance § 1524, at 398). Consequently, the Court must enforce this provision "in the absence of economic necessity, insurer breach, or other extraordinary circumstances." *Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. App. 4th 966, 977 (Cal. Ct. App. 2000). Plaintiff has identified no such extraordinary circumstances. Thus, to the extent that Plaintiff's claims are based on Defendant's failure to reimburse costs voluntarily undertaken by Plaintiff, these claims must be dismissed.

For each of these reasons, Plaintiff has failed to state a claim for either breach of contract or breach of the duty of good faith and fair dealing upon which relief may be granted. Plaintiff's first and second causes of action are therefore **DISMISSED**.

### 2. Violation of the UCL

As for Plaintiff's third claim for violation of the UCL, Defendant argues that this claim should be dismissed for two primary reasons. First, Defendant argues that Plaintiff has failed to allege any unlawful or unfair business practices within the meaning of the UCL. Second, Defendant contends that Plaintiff has failed adequately to allege a claim for restitution, which is the sole permissible monetary remedy under the UCL. As explained below, the Court agrees with each of these contentions.

#### a. Plaintiff Fails to Allege Wrongful Conduct

To begin, Plaintiff asserts that Defendant has violated the UCL by engaging in both unlawful and unfair business practices. (Compl. ¶¶ 59–63.) In evaluating a claim under the "unlawful" prong of the UCL, "[v]irtually any . . . federal, state or local [law] can serve as a predicate for an action" under the UCL. *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (Cal. Ct. App. 2001). "If a plaintiff cannot state a claim under the predicate law, however, [the] Section 17200 claim also fails." *Rudd v. Borders, Inc.*, No. 09cv832 BTM (NLS), 2009 WL 4282013, at *2 (S.D. Cal. Nov. 25, 2009). Here, Plaintiff alleges that Defendant has engaged in unlawful practices by allowing its claims adjusters to engage in the unauthorized practice of law by settling insured's claims, thus violating California Business and Professions Code section 6125. (Compl. ¶¶ 34(e), 62.) As Defendant argues, however, "[i]t is common knowledge[] that

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 9 of 15 Page ID #:342

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00153 BRO (SPx)** | Date | March 18, 2015 |
|---|---|---|---|
| Title | **AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL.** | | |

a substantial portion of the insurance claims which are annually investigated and negotiated through to settlement in California are handled by independent insurance adjusters." *Davis v. Cont'l Ins. Co.*, 178 Cal. App. 3d 836, 841 (Cal. Ct. App. 1986); *accord Bucklin v. Am. Zurich Ins. Co.*, No. 2:11-CV-05519-SVW, 2013 WL 3147019, at *5 (C.D. Cal. June 19, 2013) (recognizing that "the duties of claims adjusters . . . involve evaluating claims and representing Defendant in negotiating and settling claims"); *see also* Cal. Ins. Code § 779.19 (approving an arrangement under which an "insurer *or its designated claim representative* [may] settle or adjust claims" (emphasis added)). Plaintiff has provided no authority for the proposition that this common practice violates section 6125, and the Court has found none.[4]

As for the unfair prong, conduct is "unfair" under the UCL when it "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (Cal. Ct. App. 2003). In "determining whether the challenged conduct is unfair within the meaning of the unfair competition law . . . , 'courts may not apply purely subjective notions of fairness.'" *Id.* at 941 (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 184 (Cal. 1999)). Rather, when a plaintiff's UCL

---

[4] Plaintiff relies on *Morgan v. State Bar* for the proposition that "engaging in negotiations with opposing counsel concerning settlement and agreeing that the case should be continued until a later date[] constitutes the practice of law." 51 Cal. 3d 598, 604 (Cal. 1990). *Morgan* is inapposite in this context. There, the California Supreme Court found that an attorney whose license had been suspended was engaged in the unauthorized practice of law because he: "accepted a retainer fee from a new client; made an appearance as her attorney of record in a pending case; discussed settlement with opposing counsel; aided in the preparation of legal documents for a court hearing; filed a legal document listing himself as the attorney of record in the case; stipulated to a continuance of the hearing; and associated another attorney to make a court appearance on behalf of his client." *Id.* The court made the above reference to negotiating settlements while rejecting the attorney's argument that he was not "engaged in the practice of law" simply because his negotiations took place in the hallway outside the courtroom rather than before a judge. *Id.* at 603–04. As the court explained, the practice of law includes not just appearing in court but also any provision of legal advice to a client. *Id.* at 604. That holding does not suggest, as Plaintiff argues, that an insurance company like Defendant may not delegate to its claims adjusters the practice of negotiating the terms of a settlement with an opposing party. *See In Matter of Bragg*, No. 85-O-12550, 1997 WL 215942, at *12 (Cal. Bar Ct. Apr. 28, 1997) (distinguishing the role of an attorney from that of an insurance adjuster in this context because, unlike the insurance adjuster, an attorney "must competently evaluate the client's claim and represent the client appropriately").

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

claim alleges unfair conduct in violation of public policy, "the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." *Id.* at 940; *accord Matudio v. Countrywide Home Loans, Inc.*, CV 09-02960 DDP FFMX, 2010 WL 114185, at *3 (C.D. Cal. Jan. 6, 2010). Defendant's conduct that Plaintiff alleges is "unfair" is comprised of:

> a. Intentionally failing to defend an insured's interest by refusing to pay post-tender defense fees and costs from date of tender through appointment of counsel;
>
> b. Misleading policyholders as to conducting reasonable investigations into claims; [and]
>
> c. Devising and implementing a scheme to make overpayments to settle claims in an attempt to exhaust their clients' policies.

(Compl. ¶ 61.) These allegations fail to identify any "specific constitutional, statutory or regulatory provisions" that may serve as a predicate for Plaintiff's "unfair" UCL claim. *Scripps Clinic*, 108 Cal. App. 4th at 940.

Accordingly, Plaintiff has failed to allege any unlawful or unfair conduct that may form the basis of Plaintiff's UCL claim. Plaintiff's UCL claim is therefore **DISMISSED**.

### b. Plaintiff Fails to Allege Restitution

Alternatively, Defendant also argues that Plaintiff's UCL claim fails because Plaintiff is not entitled to any restitution, the sole monetary remedy available under the UCL. (Mot. at 10–11.) As Defendant argues, "damages are not available under section 17203. The only nonpunitive monetary relief available . . . is the disgorgement of money that has been wrongfully obtained or, in the language of the statute, an order 'restor[ing] . . . money . . . which may have been acquired by means of . . . unfair competition.'" *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1266, 833 P.2d 545 (1992) (alterations in original) (internal citations omitted) (quoting Cal. Bus. Prof. Code § 17203). Consequently, "only two remedies are available to redress violations of the UCL: injunctive relief and restitution." *Feitelberg v. Credit Suisse First Boston, LLC*,

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 11 of 15 Page ID #:344

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00153 BRO (SPx)** | Date | March 18, 2015 |
|---|---|---|---|
| Title | **AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL.** | | |

134 Cal. App. 4th 997, 1012 (Cal. Ct. App. 2005). Because Plaintiff seeks damages for violations of the UCL, (*see* Compl. ¶ 63), Plaintiff must seek restitution. "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (Cal. 2003). Yet Plaintiff has not identified any funds that Plaintiff has lost and which may be disgorged from Defendant. Rather, the only such funds identified by Plaintiff—the insurance premiums paid on Plaintiff's policies—were not wrongfully obtained by Defendant for the reasons discussed above.[5] Plaintiff's UCL claim thus fails for the additional reason that Plaintiff has failed to identify any available relief.

As discussed above, Plaintiff has failed to state a claim on each of his three causes of action. As a result, Plaintiff's claims are **DISMISSED with leave to amend**.

### B. Motion to Strike Class Allegations

Defendant has also filed a motion to strike Plaintiff's class allegations on the basis that they require individualized inquiries into each putative class member and are thus inappropriate for classwide relief. Plaintiff opposes this motion primarily on the ground that striking class allegations prior to discovery is an extraordinary measure that prematurely determines the issue of class certification. Indeed, ordinarily, "Rule 23 is the better vehicle to test the propriety of class certification." *Connelly v. Hilton Grant Vacations Co., LLC*, No. 12CV599 JLS KSC, 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012). Nevertheless, "where the matter is sufficiently obvious from the pleadings, a court may strike class allegations" without first permitting class discovery. *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW JEMx, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013); *accord Manning*, 725 F.3d at 59 ("If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations."); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948 (6th Cir. 2011) (affirming a district court's grant of motion to strike nationwide class allegations and noting, "[t]hat the motion to strike came before the plaintiffs had filed a motion to certify the class does not by itself make the court's decision reversibly premature"); *Sanders v.*

---

[5] Plaintiff also argues that the voluntary expenses it incurred in pursuing its claims on its own could provide a basis for restitution, but there is no suggestion that *Defendant* obtained these funds.

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 12 of 15 Page ID #:345

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

*Apple Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009) (finding that defendant's motion to strike nationwide class allegations was "not premature" (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982))).

It is thus appropriate to strike class allegations prior to discovery where the allegations make it obvious that classwide relief is not available. Moreover, "[a]lthough in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Federal Rule of Civil Procedure] 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Here, Defendant implies that discovery could not possibly aid Plaintiff in demonstrating that a class action is appropriate because the claims Plaintiff has asserted on behalf of its putative class require individualized determinations that predominate the common issues identified by Plaintiff. For the following reasons, the Court agrees.

In addition to satisfying the requirements under Rule 23(a), a party seeking class certification bears the burden (at the certification stage) of demonstrating that it has met at least one of the requirements of Rule 23(b). *See Valentino v. Carter–Wallace*, 97 F.3d 1227, 1234 (9th Cir. 1996). In the Complaint and in opposition to this motion, Plaintiff suggests that certification would be proper under Rule 23(b)(3), which requires demonstrating that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." (*See* Compl. ¶ 34; Opp'n at 8–10.) Plaintiff then identifies the following "common legal and factual questions":

    a.    Whether Defendant engaged in a pattern or practice of denying defense following tender;

    b.    Whether Defendant failed to pay defense fees and costs as necessitated by the insurance policy in place for Plaintiff and Class members;

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00153 BRO (SPx)** | Date | March 18, 2015 |
|---|---|---|---|
| Title | **AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL.** | | |

      c.      Whether Defendant failed to make reasonable investigations into its insureds' claims;

      d.      Whether Defendant engaged in a pattern or practice of overpaying settlements in an attempt to prematurely exhaust its insureds' policies;

      e.      Whether Defendant practiced law without a license by performing legal duties in negotiating, settling, and advising with relation to claims;

      f.      The nature and extent of class-wide injury and the measure of damages for the injury.

(Compl. ¶ 34.) According to Plaintiff, these questions predominate over individualized inquiries, which enables Plaintiff to satisfy the requirements of Rule 23(b)(3).

As Defendant notes, "the predominance criterion is far more demanding" than "Rule 23(a)'s commonality requirement." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997). Indeed, it is well established that, "[i]f the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (quoting Wright & Miller, 7A Fed. Prac. & Proc. Civ. § 1778, at 535–39 (2d ed. 1986)); *accord id.* at 1192 ("[W]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication.").

Defendant first argues that this matter requires individualized determinations because the class is nationwide and insurance law varies by state.[6] "Understanding which law will apply before making a predominance determination is important when there are variations in applicable state law." *Zinser*, 253 F.3d at 1189. While the Court has analyzed Plaintiff's claims under California law in this order, it would not necessarily

---

[6] As noted above, *see supra* n.1, "[s]tate law governs the interpretation of insurance policies," *Nat'l Union Fire Ins. Co.*, 346 F.3d at 1164.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00153 BRO (SPx) | Date | March 18, 2015 |
|---|---|---|---|
| Title | AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL. | | |

follow that all putative class members' claims would similarly be governed by California law, particularly since the class is not limited to California residents. "[W]here the applicable law derives from the law of the 50 states, as opposed to a unitary federal cause of action, differences in state law will 'compound the [] disparities' among class members from the different states." *Id.* (alterations in original) (quoting *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 453 (D.N.J. 1998)). Plaintiff argues that this is inconsequential, however, because the actions it alleges—that Defendant engaged in a pattern and practice of breaching the duty to defend and that its claims adjusters have been illegally practicing law—are illegal in every state. At the certification stage, Plaintiff would bear the burden of demonstrating "a suitable and realistic plan for trial of the class claims." *Id.* Here, however, the burden falls on Defendant to prove that Plaintiff cannot establish this.

In an attempt to do so, Defendant argues that there are significant discrepancies in state law as to how these issues are decided. For example, Defendant contends that some states hold that the duty to defend can be triggered by matters outside the pleadings, while others hold that the duty to defend is limited to the allegations in the complaint. (Mot. at 5.) Similarly, Defendant argues that the law concerning insurance coverage issues varies significantly across states. While there are undoubtedly discrepancies in insurance law across states, it is unclear at this stage what impact those differences would have on the ability to grant classwide relief. Nevertheless, as discussed below, there are other reasons why individual inquiries predominate in this matter.

While Plaintiff identifies several common issues that are outlined above, the primary contention raised by Plaintiff in its Complaint is that Defendant engaged in a pattern and practice of acting both in contravention to its policies and in bad faith by settling claims for unreasonably high amounts in order to exhaust the insureds' deductibles. Establishing this practice, however, necessarily requires evaluating each individual insured's claim to determine whether (1) that insured's claim was covered under its policy, (2) Defendant actually settled that claim rather than litigating it, and (3) the amount of the settlement exceeded the insured' liability under the claim. Moreover, even were this practice to be established, damages would similarly require individualized inquiries into each class member's situation to determine the amount by which their deductibles were improperly exhausted (i.e., by how much Defendant intentionally overpaid in settling the class member's claim). And as this is the "main

Case 5:15-cv-00153-BRO-SP Document 19 Filed 03/18/15 Page 15 of 15 Page ID #:348

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00153 BRO (SPx)** | Date | March 18, 2015 |
|---|---|---|---|
| Title | **AMERICAN WESTERN DOOR & TRIM V. ARCH SPECIALTY INSURANCE CO. ET AL.** | | |

issue" in Plaintiff's putative class action, the need to engage in individualized inquiries into this matter makes the case inappropriate for class treatment under Rule 23(b)(3). *See Zinser*, 253 F.3d at 1189 ("If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate.").[7] Accordingly, the Court agrees with Defendant that this matter is not appropriate for classwide treatment.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and **STRIKES** Plaintiff's class allegations. All of Plaintiffs' claims are **DISMISSED with leave to amend**. Plaintiff must file an amended complaint by no later than **Friday, April 10, 2015 at 12 p.m.**

**The hearing set for March 23, 2015 is VACATED.**

**IT IS SO ORDERED.**

:

Initials of Preparer    rf

---

[7] Additional common issues identified by Plaintiff would also require individualized treatment. For example, Plaintiff alleges that a common issue is "[w]hether Defendant failed to make reasonable investigations into its insureds' claims." (Compl. ¶ 34(c).) But what constitutes a "reasonable inquiry" into each claim also requires evaluating the specific circumstances under which each particular claim arose.